**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BARBARA BILLER,**

    **Plaintiff,**

    **v.**        **CIVIL ACTION NO. 2:09 CV 73**
        **(Maxwell)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

It will be recalled that the above-styled social security appeal was instituted on June 19, 2009, with the filing of a Complaint by Plaintiff Barbara Biller. This case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 86.02 of the Local Rules of General Practice and Procedure.

On October 21, 2009, a Motion for Judgment on the Pleadings was filed on behalf of the plaintiff, and on November 12, 2009, a Motion for Summary Judgment was filed on behalf of the defendant. On July 2, 2010, Magistrate Judge Kaull entered a Report and Recommendation/Opinion wherein he recommended that the Defendant's Motion for Summary Judgment be denied, and that the plaintiff's Motion for Judgment on the Pleadings be granted in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remanding the cause to the Commissioner

for further proceedings consistent and in accord with said Report and Recommendation/Opinion. Specifically, Magistrate Judge Kaull found that, despite having found that the plaintiff had nonexertional impairments, the ALJ had failed to consult a Vocational Expert; that the ALJ had failed to include all of the plaintiff's nonexertional impairments in his analysis of the jobs that would exist that the plaintiff could perform; and that the ALJ's analysis was inconsistent in that, while he found that the plaintiff could work at the light exertional level, he then found that her postural limitations would not significantly affect the number of jobs available at the sedentary level. Magistrate Judge Kaull further found that the ALJ had failed to consider the combined effect of the plaintiff's multiple impairments and had failed to adequately explain his evaluation of the combined effects thereof. Finally, Magistrate Judge Kaull further recommended that the plaintiff's Motion to Remand on the Basis of New and Material Evidence be denied as moot in light of his recommendation that the case be remanded to the Commissioner for further proceedings. Magistrate Judge Kaull noted, however, that, if said Motion to Remand were not moot, the same should be denied in light of the fact that the plaintiff had not demonstrated good cause for her failure to submit the evidence in question when her claim was before the Secretary. With regard to the few records that were created after the Appeals Council's decision, Magistrate Judge Kaull found that said records did not refer back to the plaintiff's condition prior to September 24, 2008, the date of the ALJ's decision and would not, accordingly, be considered relevant to the time at issue or material.

In said Report and Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. § 636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within fourteen (14) days after being served with a copy of said Report and Recommendation/Opinion. Magistrate Judge Kaull's Report and Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon. The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's July 2, 2010, Report and Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report and Recommendation/Opinion.

Therefore, it is **ORDERED** that Magistrate Judge Kaull's Report and Recommendation/Opinion (Doc. 21) be, and is hereby, **ACCEPTED** and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that:

---

[1]The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See **Wells v. Shriners Hospital**, 109 F.3d 198, 199-200 (4th Cir. 1997); **Thomas v. Arn**, 474 U.S. 140, 148-153 (1985).

1. The Defendant's Motion for Summary Judgment (Doc. 18) is **DENIED**;

2. The Plaintiff's Motion for Judgment on the Pleadings (Doc. 17) is **GRANTED in part**; and

3. The Commissioner's decision is **REVERSED**, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Kaull's Report and Recommendation/Opinion; and

4. The Plaintiff's Motion to Remand on the Basis of New and Material Evidence (Doc. 10) be, and the same is hereby, **DENIED**.

In accordance with *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the defendant and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of this Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**DATED**: August 16, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE